UNITED STATES DISTRICT COURT
OF MARYLAND

MICHELLE DAVIS

     Plaintiff,

V.

                                  CIVIL ACTION NO

PORTFOLIO RECOVERY ASSOCIATES, LLC

     Defendant.

## COMPLAINT

## I. PRELIMINARY STATEMENT

1. This is an action brought pursuant to 15 D.S.C. § 1692, *et sequi,* known more commonly as the "Fair Debt Collection Practices Act" ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## II. JURISDICTION

2. The jurisdiction of this Court arises under 15 U.S.C. §1692k and 28 U.S.C. §1337.

## III. ALLEGATIONS AS TO PARTIES

3. Plaintiff is a resident of Baltimore, MD.

4. At all times material hereto, Defendant was doing business in Maryland.

5. At all times material hereto, Defendant, was acting like a debt collector with a principal place of business located at 7 St. Paul Street, Suite 820, Baltimore, MD 21202.

6. Defendant is or was engaged in the collection of debts from consumers using the mail and telephone. Defendant regularly attempted to collect consumer debts alleged to be due to another in the State of Maryland.

## IV. FACTUAL ALLEGATIONS

7. On or about November 23, 2015, Defendant through counsel filed a lawsuit in the District Court of Maryland for Baltimore City for a charged off credit card debt that it had purchased after default.

8. Defendant stated through their attorney in the complaint the total amount due including principal and interest was $1,098.95.

## V. DEFENDANTS' PRACTICES

9. It is or was the policy and practice of Defendant to communicate with Maryland consumers in a manner which was reasonably calculated to confuse or frustrate, or mislead consumers in violation of the FDCPA §1692e.

10. Defendant communicated with the Plaintiff and attempted to collect a total of $1,098.95 in charged off debt. Charged Off Account "Principal" consisting of $702.42 plus Charged Off Account "Finance Charges" consisting of $396.43. (See Exhibit 1)

11. Defendant failed to advise the Court or the Plaintiff that the charged off amount of principal included $270.00 for late payment fees charged in 2014. (See exhibit 2)

12. Md. COMMERCIAL LAW Code Ann. § 12-506 (6) "A seller or financial institution may assess either, **but not both**:

   (i) A finance charge equal to the rate of interest charged on past due accounts as provided in the agreement; **or**

   (ii) A late payment charge.

13. Defendant charged both a finance charge and a late payment charge in violation of the Md. Commercial Law §12-506 (6).

14. Defendant opted to charge both "fees" and "interest" as the Court can see by review of Exhibit 2, the Defendant only made $142.08 from interest in year 2014, but in late payment fees they were able to make almost double and charged Plaintiff $270.00 despite the MD Commercial laws prohibition on charging both fees and interest on top of the principal amount they seek to collect.

15. Defendant's statement in the complaint that Ms. Davis owes $1,098.85 is false, deceptive and misleading, pursuant to 15 U.S.C. §1692e (2)(a).

16. The Fair Debt Collection Practices Act 15 U.S.C. §1692e (2) (a).

"A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
(2) The false representation of—
(A) the character, amount, or legal status of any debt.

## A. Unlawful Claim

17. With respect to the attempt by Defendant to collect the alleged debt as more particularly described above, the conduct of Defendant violated the FDCPA, including but not limited to:

a. The use of false representations, deceptive or misleading representations or means to collect or attempt to collect a debt in violation of 15 U.S.C. §1692e.

b. The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law. §1692f (1).

18. As a result of Defendant's' conduct, Plaintiff is entitled to an award of actual and statutory damages pursuant to 15 U.S.C. §1692k.

19. Plaintiff is entitled to an award of costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k.

WHEREFORE, Plaintiff, requests judgment be entered in her favor against Defendant for:

1.      Actual and statutory damages pursuant to 15 U.S.C. §1692k;

2.      An award of costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k; and

3.      Such other and further relief as the Court may deem just and equitable.


THE PLAINTIFF

BY/S/Bernard T. Kennedy
Bernard T. Kennedy, Esquire
The Kennedy Law Firm
P.O. Box 673
Blairsville, GA 30514
Ph  (443) 607-8901
Fax (443) 440-6372
Fed. Bar # Md26843
bernardtkennedy@yahoo.com